IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES KEITH JOHNSON,
*Also known as*
THUNDER EAGLE GHOST DANCER,
    Petitioner,

v.                                                   Case No. 4:25cv330/TKW/MAL

WARDEN FCI TALLAHASSEE,
Et al.,
    Respondents.
_____/

## **REPORT AND RECOMMENDATION**

This case is before me on preliminary review of an Emergency Petition for Writ of Habeas Corpus under 28 USC § 2241, filed on behalf of Petitioner James Keith Johnson by his wife and Next Friend[1] Sharon Anderson. ECF No. 2. Upon review of the petition, I recommend this case be summarily dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases because Johnson is not entitled to relief under section 2241.[2]

---

[1] Because this case should be summarily dismissed, it is not necessary to address Ms. Anderson's qualifications to proceed as a "Next Friend" under *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Even if Petitioner Johnson had personally brought this case, the recommendation of dismissal would be the same.

[2] Rule 1(b) of the Rules Governing § 2254 Cases provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." The Local Rules of this Court also provide that the Rules Governing § 2254 Cases apply to all habeas cases filed in this District, regardless of whether they were filed under § 2254. N.D. Fla. Loc. R. 5.7(C).

On March 4, 2025, Johnson was charged with bank robbery in N.D. Fla. Case 3:25cr50/MCR. He is represented by Assistant Federal Public Defender Lauren Cobb. As part of that case, Johnson underwent a competency examination. He is currently in custody at the Federal Correctional Institution in Tallahassee, Florida. *See* https://www.bop.gov/inmateloc/ (Reg. No. 12688-006). On July 7, 2025, the district court ordered that Johnson be committed to the custody of the Attorney General and transferred to a suitable facility for a "reasonable period of time, not to exceed four months" to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit trial to proceed." Case 3:25cr50/MCR, ECF No. 27 at 2. A psychological evaluation filed under seal in the criminal case and resubmitted as part of the instant case concluded that

> [c]onsidering the Defendant has not been prescribed psychotropic medication in several years, there is no evidence to suggest medication is not effective in managing his symptoms. As such there is a substantial probability his competency can be restored with treatment.

ECF No. 2-1 at 21; and Case 3:25cr50/MCR, ECF No. 23 at 21.

The petition alleges Johnson is entitled to: (1) immediate release due to "permanent incompetency," (2) transfer to the Pensacola VA Medical Center for immediate and ongoing medical treatment, (3) dismissal of the criminal charges against him, (4) appointment of counsel and (5) injunctive relief to ensure compliance with the Americans with Disabilities Act (ADA) and to prohibit further

retaliatory transfers or denial of ADA accommodations. ECF No. 2 at 7. Johnson, through Anderson, also filed the following:

>   --Motion to Acknowledge Sharon Anderson as Caregiver for Mr. James Keith Johnson (ECF No. 3);
>   --Motion to Dismiss Indictment (ECF No. 4);
>   --Motion to Dismiss Charges Pursuant to *Jackson v. Indiana* (ECF No. 5);
>   --Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6);
>   --Emergency Motion to Appoint Counsel under the Criminal Justice Act (ECF No. 7); and
>   --Statement of Need for Emergency Hearing (ECF No. 8).

This petition is both a challenge to the ongoing criminal proceedings against Johnson and a challenge to his conditions of confinement. In either respect, it is inappropriate for habeas. *See, e.g., Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1 (11th Cir 2021) (challenges to a criminal prosecution generally will not be heard on a petition for habeas corpus while the criminal proceedings are ongoing); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims challenging the conditions of a prisoner's confinement fall outside the core of habeas corpus).

The issues raised in the petition and the pending motions regarding Johnson's criminal case, including some allegations about the current conditions of Johnson's confinement,[3] should not be raised in a habeas petition and can be raised in the

---

[3] The district judge in the criminal proceeding can review Johnson's conditions of confinement to the extent necessary to ensure Johnson has access to counsel. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). Johnson's appointed attorney in his criminal case is aware of Johnson's complaints about his treatment in custody. The record contains what appear to be text

criminal case by appointed counsel if warranted. *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 121 (11th Cir. 2006) (claims related to pending criminal charges should be raised in the criminal case). A separate civil action, not a habeas petition, is the appropriate vehicle for Petitioner to raise claims under the Americans with Disabilities Act and for inadequate medical care. *See Gorrell v. Hastings*, 541 F. App'x 943, 945 (11th Cir. 2013) (ADA claims not appropriately raised in § 2241 habeas corpus petition); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (inadequate medical care claim not appropriately raised in § 2241 habeas petition).

Accordingly, it is respectfully **RECOMMENDED**:

The Emergency Petition for Writ of Habeas Corpus under § 2241 (ECF No. 2) be summarily DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases, and all pending motions be denied.

DONE on August 7, 2025.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

---

messages between AFPD Lauren Cobb and Ms. Anderson, wherein Ms. Cobb states "I understand that Ghost would be better off at home, and I totally agree with that. However, everything I have received *(except for the texts and emails from you)* indicate that he is receiving adequate medical care." ECF No. 2-2 at 5 (emphasis added).

## **NOTICE TO THE PARTIES**

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.